# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 19-1266**                                        **September Term, 2020**

SEC-Rel34-87662
SEC-Rel34-87663

**Filed On:** March 5, 2021

Meghan Belaski and Scott Nutt,

        Appellants

    v.

Securities and Exchange Commission,

        Appellee

## ON APPEAL FROM THE SECURITIES AND EXCHANGE COMMISSION

**BEFORE:**    Tatel, Millett, and Rao, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the Securities and Exchange Commission ("SEC") and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing; the motions for judicial notice; the motions to supplement the record, the opposition to one of those motions, and the reply; the motion to correct the record; and the motion styled as a "motion to request an amendment to this case," it is

**ORDERED** that appellants' May 22, 2020 motion to supplement the record be granted in part and denied in part. The motion is granted with respect to what appellants designate as documents C-1 and C-2. The motion is otherwise denied because the proffered material is not relevant to the disposition of this appeal. It is

**FURTHER ORDERED** that appellants' remaining motions to supplement the record and motions for judicial notice be denied because the proffered material is not relevant to the disposition of this appeal. It is

**FURTHER ORDERED** that appellants' motion to correct the record be denied. It is

**FURTHER ORDERED AND ADJUDGED** that the December 5, 2019 orders of the SEC denying appellants' applications for whistleblower awards be affirmed. Appellants argue that they are entitled to a related-action award based on information they provided to the SEC. However, the SEC correctly determined that, because

appellants were not entitled to a covered-action award, they were not even eligible for a related-action award.  See 15 U.S.C. § 78u-6(a)(5); 17 C.F.R. § 240.21F-11(a); see also Claim for Award in Connection with Redacted Notice of Covered Action Redacted, Exchange Act Release No. 84,506, 2018 WL 5619386, at *3 n.5 (Oct. 30, 2018).

Appellants additionally argue that certain irregularities in the underlying whistleblower proceeding demonstrate that the proceeding was legally deficient.  But because appellants were not eligible for a related-action award, any such errors could not have affected the outcome of the proceeding and were therefore harmless.  See PDK Labs. Inc. v. U.S. DEA, 362 F.3d 786, 799 (D.C. Cir. 2004); see also Nat'l Ass'n of Home Builders v. Defenders of Wildlife, 551 U.S. 644, 659–60 (2007).  It is

**FURTHER ORDERED** that appellants' motion to request an amendment to this case be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

                    **FOR THE COURT:**
                    Mark J. Langer, Clerk

BY:    /s/
          Daniel J. Reidy
          Deputy Clerk